IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| United States of America | ) | Criminal No.: 2:96-669 |
|---|---|---|
| Respondent | ) | |
| vs. | ) | |
| Arthur Allen Haley | ) | **ORDER and OPINION** |
| Defendant/Movant. | ) | |

This matter is before the court on Arthur Allen Haley's (Haley) motion to obtain relief from his sentence pursuant to 18 U.S.C. § 3582 and Rule 36 of the Federal Rules of Criminal Procedure, which will be construed as a motion pursuant to 28 U.S.C. § 2255. The government filed a response in opposition to Haley's motion in which the government also filed a motion to dismiss or, in the alternative, a motion for summary judgment. For the following reasons, the court grants the government's motion to dismiss based on a lack of subject matter jurisdiction.

## I. BACKGROUND

Arthur Allen Haley, the movant in this matter, filed a motion pursuant to 18 U.S.C. § 3582 and Rule 36 of the Federal Rules of Criminal Procedure on April 2, 2009, seeking to reduce his sentence. As grounds for this motion, Haley asserts that the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), permits the sentencing judge to amend his sentence, and that there is new evidence that should be considered for purposes of amending his sentence. Haley asserts that: (1) the Booker decision permits this court to reconsider his sentence; and (2) that his age, purported lack of danger to anyone, and treatment in jail amount to new evidence to be

considered for purposes of decreasing Haley's sentence.

Haley has filed a previous § 2255 petition. On March 22, 2000, he filed a pro se petition to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255. See Haley v. Norton, 2006 WL 783478, at *2 (D.S.C. Mar. 21, 2006) (discussing Haley's first § 2255 motion). This court dismissed Haley's claims on the government's summary judgment motion, and the Fourth Circuit denied his request for a certificate of appealability. See United States v. Haley, 2003 WL 22093637 (4th Cir. Sept. 10, 2003) Haley later filed a petition pursuant to 28 U.S.C. § 2241 on January 24, 2006. Haley, 2006 WL 783478 at *1. In that petition, he alleged that his guilty plea was not knowingly and voluntarily given, that he received ineffective assistance of counsel in violation of the Sixth Amendment, and that his Due Process and Equal Protection rights had been violated. Id. at *2. That petition was dismissed by an unpublished opinion dated March 21, 2006. Id. at *1.

## II. STANDARD OF REVIEW

Haley is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). A district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does

not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III. DISCUSSION

As previously stated, this court is charged with construing Haley's motion according to the content, rather than what is stated in the caption. A federal inmate's motion for post-conviction relief from an improper sentence is properly brought under 28 U.S.C. § 2255. Haley requests post-conviction relief from his sentence pursuant to 18 U.S.C. § 3582 and Rule 36 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582 and Rule 36 do not apply to Haley's request for relief, but because he is a pro se litigant, this motion will be construed as a motion under § 2255, the appropriate avenue for the requested relief.[1]

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2255 to preclude successive applications for relief under the statute. See Winestock, 340 F.3d at 204. However, there are two exceptions to the rule against filing a successive motion under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Haley guilty of the offense;

---

[1] Rule 36 provides for correction of clerical errors, and 18 U.S.C. § 3582(c) provides for modification of prison sentences under very limited circumstances, none of which applies here.

> or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). According to 28 U.S.C. § 2244(b)(3), a prisoner filing a subsequent application for relief from his sentence must first obtain authorization from the appropriate court of appeals to allow a district court to consider the application. Winestock, 340 F.3d at 205. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (internal citation omitted). Therefore, a pre-filing authorization is a procedural hurdle that serves as a condition precedent to a district court's review of a successive § 2255 petition on the merits.

In this case, Haley seeks post-conviction relief from his sentence, arguing the Supreme Court's decision in Booker, as well as his age, disposition, and treatment while incarcerated, are grounds for a reduction of his sentence. As previously noted, the court will treat this motion as a § 2255 motion. Haley filed a previous § 2255 motion on March 22, 2000, which was dismissed by this Court, and the Fourth Circuit did not issue a certificate of appealability. See Haley, 2003 WL 22093637 at *1. As stated in Winestock, in the absence of a pre-authorization from the Fourth Circuit, this court does not have jurisdiction to review the merits of this successive motion for post-conviction relief under § 2255. Therefore, Haley's motion is dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the government's motion to dismiss for lack of jurisdiction is **GRANTED**. Haley's motion to obtain relief

4

from his sentence is **DISMISSED**.[2]

       **AND IT IS SO ORDERED.**

                                   _____
                                   **DAVID C. NORTON**
                                   **CHIEF UNITED STATES DISTRICT JUDGE**

**July 27, 2009**
**Charleston, South Carolina**

### NOTICE OF RIGHT TO APPEAL

      The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The government filed Docket Entry 106 (Motion to Dismiss Defendant's Motion to Strike) in response to Haley's filing in Docket Entry 105, which is a response in opposition to the government's amended motion to dismiss. In this filing, Haley asserts that the government's amended motion should be stricken as out of time, unsigned, and containing unnumbered paragraphs. The government apparently characterized Docket Entry 105 as a "Motion to Strike" and, therefore, moved to dismiss it. Because the court finds that Haley's arguments for striking the government's motion to dismiss lack merit, the court grants the government's motion to dismiss Docket Entry 105. Further, because the court does not reach the merits of Haley's claims, Docket Entry 108, his "Motion to Comply with Order Directing Petitioner to File Any Material He Wishes," is moot.
      Finally, Haley has filed Docket Entry 109 (Motion in Limine Opposing Government's Response to Closed Case) in which he raises some of the same issues he raised in Docket Entry 105. He also cites to Castro v. United States, 540 U.S. 375 (2003), presumably for the proposition that a district court must give notice to a pro se litigant before recharacterizing a pleading as a § 2255 motion. However, this limitation "applies when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion." Id. at 383 (emphasis added). Because Haley has sought § 2255 relief in an earlier pleading, the notice requirement of Castro does not apply to his instant motion. Accordingly, the court denies Haley's motion in Docket Entry 109.