IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal No.: 2:96-669 |
| | ) | |
| Respondent | ) | |
| vs. | ) | |
| | ) | |
| Arthur Allen Haley | ) | **ORDER & OPINION** |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

This matter is before the court on Arthur Allen Haley's (Haley) motion to adjust

the remainder of his sentence, which will be construed as a motion pursuant to 28 U.S.C.

§ 2255. The government filed a response in opposition to Haley's motion in which the

government also filed a motion to dismiss or, in the alternative, a motion for summary

judgment.

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996,

Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2255 to preclude

successive applications for relief under the statute. See United States v. Winestock, 340

F.3d 200, 204 (4th Cir. 2003). However, there are two exceptions to the rule against

filing a successive motion under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244
> by a panel of the appropriate court of appeals to contain: (1) newly
> discovered evidence that, if proven and viewed in light of the evidence as a
> whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the Haley guilty of the offense;
> or (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). According to 28 U.S.C. § 2244(b)(3), a prisoner filing a subsequent

application for relief from his sentence must first obtain authorization from the

appropriate court of appeals to allow a district court to consider the application. Winestock, 340 F.3d at 205. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (internal citation omitted). Therefore, a pre-filing authorization is a procedural hurdle that serves as a condition precedent to a district court's review of a successive section 2255 petition on the merits. Even under the liberal pleading standard for pro se litigants, Haley's motion fails to overcome this jurisdictional hurdle. Accordingly, the court grants the government's motion to dismiss based on a lack of subject matter jurisdiction.

In his reply to the government's response in opposition, Haley concedes that he has "no legal argument." Instead, Haley "is simply asking for mercy due to his age, and the hardships, the length of a harsh sentence. . . ." Under the Constitution, the President has the authority to commute, or reduce, a sentence imposed upon conviction of a federal offense obtained in the United States District Courts. The court will attach to this order information from the Office of the Pardon Attorney regarding the proper steps to take in seeking a commutation. This information can be found at http://www.justice.gov/pardon.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  Here, movant does not meet this standard because there is nothing debatable about the court's resolution of his section 2255 motion.

For the reasons stated above, it is hereby **ORDERED** that the government's motion to dismiss for lack of jurisdiction is **GRANTED**.  Haley's motion to obtain relief from his sentence is **DISMISSED**.  A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**October 1, 2010**
**Charleston, South Carolina**

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.